IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD PERRY, | ) | CASE NO. 2:07 CV 842 |
| | ) | |
| Plaintiff, | ) | JUDGE FROST |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE ABEL |
| | ) | |
| HOUSE OF HOPE FOR ALCOHOLICS, INC. | ) | **DEFENDANT'S ANSWER** |
| | ) | |
| Defendant. | ) | |

Now comes the Defendant, House of Hope for Alcoholics, Inc., by its undersigned counsel, and for its Answer to the Plaintiff's Complaint herein states as follows:

1. Defendant admits the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2. Defendant admits that based on its discovery through a criminal background check that Plaintiff had previously been convicted of a sexual offense, he was ineligible to work with minors at Stevens House, and he was offered an opportunity to work as a Counseling Assistant with Defendant working with adults, but denies the remaining allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. Defendant admits that Plaintiff was terminated on July 10, 2006, but denies the remaining allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. Defendant admits that Plaintiff was advised telephonically of his termination on July 10, 2006, and that a letter of termination dated July 11, 2006 was subsequently submitted to him, but denies the remaining allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8. Defendant admits that the stated reasons for the Plaintiff's termination include the items set forth in Paragraph 8 of the Plaintiff's Complaint, but denies that the listed items are complete or comprehensive, and denies the remaining allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9. Defendant admits that Plaintiff was allowed one in-house meal per day with residents, but denies the remaining allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. Defendant denies that Plaintiff is entitled to any of the relief set forth in Paragraph 16 of the Plaintiff's Complaint.

17. Defendant denies each and every allegation of the Plaintiff's Complaint not specifically admitted here and above.

## **ADDITIONAL DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Some or all of the Plaintiff's claims are barred by the doctrines of estoppel and/or unclean hands.

3. Some or all of Plaintiff's claims are barred by the lack of consideration.

4. Plaintiff is not entitled to any damages in this case.

5. Plaintiff has failed to mitigate his damages.

6. Defendant terminated Plaintiff's employment for legitimate, nondiscriminatory reasons.

7. Some or all of the Plaintiff's claims are barred by the Statute of Frauds.

8. The actions taken by Defendant with respect to Plaintiff were for good, just, lawful, nondiscriminatory, nonretaliory and/or legitimate reasons and, therefore, Defendant is relieved from any liability or obligation to Plaintiff arising from such actions.

9. Some or all of Plaintiff's claims are barred by applicable statutes of limitation.

10. Some or all of Plaintiff's claims are barred by the fact that at all times he was an at-will employee.

11. Plaintiff's claims are not well grounded in fact or warranted by existing law.

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendant respectfully requests that this Court dismiss the Plaintiff's Complaint, with prejudice, and that Defendant be awarded its attorney's fees and costs in this matter.

Respectfully submitted,

*/s/ James D. Kurek*
James D. Kurek (#0023523)
Robert E. Dezort (#0059688)
Millisor & Nobil Co., L.P.A.
9150 South Hills Boulevard, Suite 300
Cleveland, Ohio 44147-3599
Telephone: (440) 838-8800
Telecopier: (440) 838-8805 – facsimile
jkurek@millisor.com
rdezort@millisor.com

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2007 a copy of the foregoing Defendant's Answer was filed electronically. Notice of this filing will be sent to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

Kendall D. Isaac, Esq.
The Isaac Firm, L.L.C.
5300 E. Main St., Ste 103
Columbus, OH 43213

Attorney for Plaintiff


      */s/ James D. Kurek*
      James D. Kurek