IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Reginald Perry,                              :

                    Plaintiff        :        Civil Action 2:07-cv-00842

    v.                               :        Judge Frost

House of Hope for Alcoholics,        :        Magistrate Judge Abel

                    Defendant        :

# PRELIMINARY PRETRIAL ORDER

A preliminary pretrial was held November 6, 2007. Counsel for all parties

appeared.

## Rule 26(a)(1) disclosures.

The parties will make their Rule 26(a)(1) disclosures on or before **November 9,**

**2007.**

## Jurisdiction and venue.

Venue is proper in the Southern District of Ohio, Eastern Division. This case was

removed from the Court of Common Pleas for Franklin County, Ohio. Jurisdiction is

alleged under 28 U.S.C. § 1331. Supplemental jurisdiction over Ohio law claims is alleged

under 28 U.S.C. § 1367. There are no contested issues involving personal jurisdiction,

subject matter jurisdiction, or venue.

## Amendments to pleadings.

Any motion for leave to amend the pleadings and/or add parties must be filed on or before **December 10, 2007.**

## Allegations in the pleadings.

The complaint makes the following allegations. Reginald Perry was employed at the House of Hope as a counseling assistant between December 9, 2005 and July 10, 2006. In response to a client complaint of abuse, the House of Hope fired Perry without giving him an opportunity to rebut the charge. His termination notice also stated that he was guilty of theft and neglect of duty. Those charges were based on his preparing a meal in the House of Hope kitchen. Plaintiff maintains that he believed that he was permitted to do so because his contract entitled him to one in-house meal a day. The complaint alleges that the House of Hope fired Perry because he is black.

## Experts' disclosures.

The parties do not anticipate specially retaining experts within the meaning of Rule 26(a)(2).

## Rule 26(e)(2) supplementation.

Under the provisions of Rule 26(e)(2), Fed. R. Civ. P., the parties are under a duty "seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise

been made known to the other party during the discovery process or in writing." The parties are **directed** to review their responses to written discovery on or before **June 11, 2008** and promptly make any supplemental disclosures required by Rule 26(e)(2).

## Discovery and case-dispositive motions deadlines.

All discovery must be completed by **July 25, 2008**. Case-dispositive motions must be filed on or before **August 25, 2008**.

## Rule 26(a)(3) disclosures.

The parties must make and file with the Court the disclosures required by Rule 26(a)(3), Fed. R. Civ. P., no later than **30 days prior to the date noticed for the final pretrial conference**. Alternatively, by agreement the parties may chose to make their Rule 26(a)(3) disclosures in the final pretrial order.

## Attorneys' fees.

The complaint prays for an award of attorney fees. To facilitate settlement evaluation, plaintiff's counsel is DIRECTED to quarterly report to defense counsel the number of hours of legal services rendered and the rate(s) at which those services are billed. The first quarterly report should cover all services rendered through **September 30, 2007**.

## Settlement.

The parties will participate in the **March 2008 Settlement Week**. If any party later concludes that mediation then would be premature, that party should contact opposing

counsel and call my office (614-719-3370) no later than **January 25, 2008** to set up a tele-

phone conference with all counsel to ask the Court not to notice this case for mediation

then.  Counsel should also be prepared to discuss the status of discovery and whether the

mediation should be rescheduled to a later date.



s/Mark R. Abel
United States Magistrate Judge